## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

SEIRE NOEMI C.E.,
      Plaintiff,

No. 3:21-cv-1457 (SRU)

v.

MARTIN O'MALLEY, COMMISSIONER
OF SOCIAL SECURITY,[1]
      Defendant.

### ORDER ON MOTION FOR ATTORNEYS' FEES

Attorney Ivan Katz represented Seire Noemi C.E.[2] ("plaintiff") in an action appealing the Social Security Administration's decision denying her claim for disability insurance benefits. *See* Doc. No. 1. A consent motion to remand the case to the agency for additional development of the record and for rehearing was filed on May 5, 2022, which I granted. *See* Doc. Nos. 23, 24. Judgment entered on May 16, 2022. *See* Doc. No. 25.

On July 19, 2022, the defendant filed a joint stipulation of attorneys' fees under the Equal Access to Justice Act ("EAJA"), stipulating to an award of $9,490.00. *See* Doc. No. 26. On July 21, 2022, this Court entered an order granting that motion for EAJA fees. *See* Doc. No. 27.

On April 12, 2024, the plaintiff filed an interim motion for attorney's fees under 42 U.S.C. § 406(b). *See* Doc. No. 33. At the time, the plaintiff informed the Court that the agency had not yet issued Notices of Award relating her minor children. *Id.* at ¶ 5. Those Notices of

---

[1] On December 20, 2023, Martin O'Malley replaced Kilolo Kijakazi as Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), the Clerk of Court is directed to substitute Martin O'Malley for Kilolo Kijakazi in this action.

[2] Pursuant to the U.S. District of Connecticut Standing Order on Social Security Cases, the plaintiff will be referred to solely by first name and last initial. *See* Standing Order Re: Social Security Cases, No. CTAO-21-01 (D. Conn. Jan. 8, 2021).

Award were issued on April 24 and 27, 2024. *See* Doc. Nos. 34-1, 34-2.[3] Thereafter, on May 2,

2024, plaintiff's counsel filed a superseding motion for Section 406(b) attorneys' fees, requesting

an order approving attorneys' fees in the amount of **$31,753.00.** *See* Doc. No. 34.

## I.      Standard of Review

Section 406(b)(1) of the Social Security Act provides, in part, that "[w]henever a court

renders a judgment favorable to a [counseled] claimant" under the Social Security Act, "the court

may determine and allow as part of its judgment a reasonable fee for such representation, not in

excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by

reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Attorneys' fee awards under Section 406(b)

are paid directly out of the plaintiff's past benefits in accordance with the terms of a contingency

agreement. *Id*; *see Walls v. Comm'r of Social Security*, 2020 WL 3026462, at *1 (D. Conn. June

5, 2020).

Section 406(b) fees must be both timely and reasonable. In determining whether a

Section 406(b) application is timely, the Second Circuit has instructed courts to apply Rule 54's

fourteen-day deadline, "but 'the fourteen-day filing period is tolled until the claimant receives

notice of the amount of any benefits award.'" *Bukilici v. Saul*, 2020 WL 2219184, at *2 (D.

Conn. May 7, 2020) (quoting *Sinkler v. Berryhill*, 932 F.3d 83, 85 (2d Cir. 2019)).

In assessing whether the requested fee is reasonable, the Second Circuit has instructed

courts to consider two factors in addition to the statutory 25 percent cap: "whether there has been

fraud or overreaching in making the agreement" and "whether the requested amount is so large

---

[3] The plaintiff's minor children were each awarded $20,234.00 in past due child's benefits. *See* Doc. Nos. 34-1, 34-2. The agency withheld $5,290.00 of each of those awards to pay an approved representatives' fees. *Id.* The remainder of the fees requested, $21,173.00, represents the amount the agency withheld from past due disability benefits that were awarded to the plaintiff. *See* Doc. No. 33-1.

as to be a windfall to the attorney." *Wells v. Sullivan* (*Wells II*), 907 F.2d 367, 372 (2d Cir. 1990). It is the "attorney for the successful claimant" who "must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 791 (2002).

If a counsel receives fees pursuant to both the EAJA, 28 U.S.C. § 2412, and Section 406(b), counsel is to "refund[] to the claimant the amount of the smaller fee." Pub. L. No. 99-80, § 3, 99 Stat. 183 (Aug. 5, 1985); *see also Gisbrecht*, 535 U.S. at 789.

## II.    Discussion

### A.    <u>Timeliness</u>

The plaintiff's Notice of Award of disability benefits is dated November 8, 2023. *See* Doc. No. 33-1. Though plaintiff's counsel does not indicate when that notice was received, I will presume it was received shortly thereafter, at which point the fourteen-day deadline to file a motion for attorneys' fees under Section 406(b) would have begun to run. *See Sinkler*, 932 F.3d at 91 ("[T]he fourteen-day filing period starts to run when the claimant receives notice of the benefits calculation."). Rule 54's "fourteen-day limitations period is not absolute," however. *Id.* at 89. "The rule expressly states that the specified period applies '[u]nless a statute or a court order provides otherwise.' Thus, district courts are empowered to enlarge that filing period where circumstances warrant." *Id.* (quoting Fed. R. Civ. P. 54(d)(2)(B)).

Here, the plaintiff filed two motions for extension of time to file a motion attorneys' fees under Section 406(b) because the agency had, at the time, not yet issued notices of award for the plaintiff's minor children. *See* Doc. Nos. 28, 31. I granted both of those motions for extension of time, extending the deadline to May 6, 2024. *See* Doc. Nos. 29, 32. Both the plaintiff's interim motion and her superseding motion, doc. nos. 33, 34, were filed before that deadline, and are therefore timely.

B.  <u>Reasonableness</u>

Attorney Katz seeks an award in the amount of $31,753.00. *See* Doc. No. 34. In

determining whether the fee amount sought is reasonable, I will begin my analysis by

considering whether the statutory cap has been exceeded. The amount requested is equal to the

amount withheld by the agency from the past-due benefits to the plaintiff and her minor children.

*See* Doc. Nos. 33-1, 34-1, 34-2. I therefore conclude that the fee amount requested does not

exceed the statutory cap of 25 percent of past-due benefits. *See* 42 U.S.C. § 406(b)(1)(A).

Turning to the second and third reasonableness factors, I must consider whether there was

any fraud or overreach, and whether the requested amount is "so large as to be a windfall to the

attorney." *Wells II*, 907 F.2d at 372. Neither party has reported any fraud or overreach, and I

have not otherwise found any indication thereof. Regarding whether there is a windfall, I must

consider "more than the de factor hourly rate." *Fields v. Kijakazi*, 24 F.4th 845, 854 (2d Cir.

2022). The Second Circuit has therefore outlined additional factors that should inform a court's

determination of a windfall. First, "the ability and expertise of the lawyers and whether they

were particularly efficient." *Id*. Second, "the nature and length of the professional relationship

with the claimant," which "can inform a district court's understanding of 'the overall complexity

of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the

significance of the result achieved in district court.'" *Id*. at 855 (quoting *Mudd v. Barnhart*, 418

F.3d 424, 428 (4th Cir. 2005)). Third, the court should consider "the satisfaction of the disabled

claimant"; and, fourth, "how uncertain it was that the case would result in an award of benefits

and the effort it took to achieve that result." *Id*. at 855.

A review of the fee itemization submitted by the plaintiff's counsel shows that the

plaintiff's counsel spent 48.8 hours on this case, and seeks payment at an hourly rate of $650.67.

*See* Doc. No. 34, at 5. Because the plaintiff's counsel conducted significant research, review of the administrative record, and drafting of documents, and because of the ultimate satisfaction of the plaintiff, I conclude that the requested amount is reasonable and not "so large as to be a windfall to the attorney." *Wells II*, 907 F.2d at 372.

Accordingly, I **grant** the plaintiff's superseding motion, doc. no. 34, and I approve Attorney Katz's request for an award of **$31,753.00** in attorneys' fees under Section 406(b).

### C. Previous EAJA Award

On July 21, 2022, I awarded the plaintiff's counsel $9,490.00 in attorneys' fees pursuant to the EAJA. *See* Doc. No. 27. Accordingly, because the $31,753.00 in attorneys' fees I award now exceeds the amount previously awarded, the plaintiff's counsel is **ordered** to return the EAJA award to his client. *See Wells v. Bowen* (*Wells I*), 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [counsel] to return the lesser of either that amount or the EAJA award to his clients.").

### III.   Conclusion

For the foregoing reasons, the plaintiff's superseding motion for Section 406(b) fees, doc. no. 34, is **granted**. The plaintiff's counsel is awarded **$31,753.00** in attorneys' fees. Additionally, the plaintiff's counsel is ordered to return the EAJA award previously ordered, *see* doc. no. 27, to his client.

For the reasons that follow, that motion is **granted**.

So ordered.

Dated at Bridgeport, Connecticut, this 13th day of June 2024.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge